FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO SMITH,

Plaintiff(,

v.

SAMANTHA SMOCK, RN, NICOLE LYNN CLOUM, RN, JOHN DOE, and JANE DOE, in their Individually Capacities, Jointly and Severally,

Defendants.

Case No. __________________
Hon. ______________________
Mag. Judge. ________________

JAMES J. HARRINGTON (P65351)
PETER R. O'TOOLE (P74657)
Fieger, Fieger, Kenney &
Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/F: (248) 355-5148
p.otoole@fiegerlaw.com
t.lewsinski@fiegerlaw.com

# PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, ANGELO SMITH, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for Plaintiff's and Demand for Jury Trial against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

1. That this Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331, 1343, and 43 USC § 1983.

2. This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, seeking monetary and punitive damages against Defendants under 42 U.S.C. § 1983, and costs and attorney fees under 42 U.S.C. § 19888, for violations of Plaintiff's rights under the Eighth Amendment of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to this action occurred at Federal Corrections Institution Milan (hereinafter reference as "FCI Milan") in Washtenaw County, Michigan, within the Eastern District of Michigan, Southern Divison.

4. That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities and does not seek damages against the United States, the Federal Bureau of Prisons, of Federal Corrections Institution, Milan (hereinafter "FCI Milan").

5. That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statues, ordinances, relations, laws and customs, and by virtue of, and under the authority of the color of law and such actions were performed in the course and scope of employment of each individual Defendant.

6. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## PARTIES

7. Plaintiffs reincorporate each and every allegation set forth above as if fully set forth herein.

8. At all times relevant hereto, Plaintiff, ANGELO SMITH, was an inmate incarcerated in the at the FCI Milan prison having been sentenced

9. At all times relevant hereto, Plaintiff, ANGELO SMITH, was a resident of City of Detroit, County of Wayne, State of Michigan, and was entitled to all rights, privileges, and immunities accorded to all United States citizens and residents of Wayne County, the State of Michigan and the United States of America.

10. At all times relevant hereto, Defendant, SAMANTHA SMOCK, RN, (hereinafter referred to as "SMOCK"), as a prison nurse who was an employee, agent, and/or ostensible agent of FCI Milan who was acting under color of law and in the course and scope of employment and who personally observed Plaintiff's condition, received Plaintiff's oral and/or written requests for urgent care, controlled his access to health services or emergency transport, and nevertheless failed to obtain prompt medical evaluation or assistance.

11. At all times relevant hereto, Defendant, NICOLE LYNN CLOUM, RN, (hereinafter referred to as "CLOUM"), as a prison nurse who was an employee, agent, and/or ostensible agent of FCI Milan who was acting under color of law and in the course and scope of employment and who personally observed Plaintiff's condition, received Plaintiff's oral and/or written requests for urgent care, controlled

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

his access to health services or emergency transport, and nevertheless failed to obtain prompt medical evaluation or assistance.

12. At all times relevant hereto, Defendant, JOHN DOE, was a physician, advanced-practice provider, or other medical professional responsible for receiving emergency referrals and was an employee, agent, and/or ostensible agent of FCI Milan who was acting under color of law and in the course and scope of employment and who personally observed Plaintiff's condition, received Plaintiff's oral and/or written requests for urgent care, controlled his access to health services or emergency transport, and nevertheless failed to obtain prompt medical evaluation or assistance.

13. At all times relevant hereto, Defendant, JANE DOE, was a physician, advanced-practice provider, or other medical professional responsible for receiving emergency referrals and was an employee, agent, and/or ostensible agent of FCI Milan who was acting under color of law and in the course and scope of employment and who personally observed Plaintiff's condition, received Plaintiff's oral and/or written requests for urgent care, controlled his access to health services or emergency transport, and nevertheless failed to obtain prompt medical evaluation or assistance.

## PRELIMINARY FACTUAL STATEMENT

14. Plaintiffs reincorporate each and every allegation set forth above as if fully set forth herein.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

15. This is an action for compensatory and punitive damages against individual federal prison personnel who were deliberately indifferent to Plaintiff's serious medical needs while he was incarcerated at the FCI Milan.

16. This is an action for compensatory and punitive damages against individual federal prison personnel who were deliberately indifferent to Plaintiff's serious medical needs while he was incarcerated at FCI Milan.

17. After Plaintiff sustained a fall and developed severe right-hip and low-back pain, impaired movement, sensory symptoms, and an inability to walk, Defendants knew of facts demonstrating an urgent and substantial risk to Plaintiff's health yet delayed meaningful evaluation, diagnostic imaging, adequate pain management, and transfer to an appropriate outside medical facility.

18. When Plaintiff was finally hospitalized on September 10, 2023, imaging disclosed acute nondisplaced fractures involving L5 and the first sacral segment. Plaintiff required hospitalization, a lumbar brace, spinal precautions, substantial analgesic treatment, physical and occupational therapy, and subsequent long-term acute care. During that treatment he also experienced urinary-retention concerns and developed symptomatic right-lower-extremity deep-vein thromboses associated with immobility.

19. Plaintiff seeks damages directly under the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and *Carlson v. Green*, 446 U.S. 14 (1980), against each Defendant

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

solely in his or her individual capacity.

## FACTUAL ALLEGATIONS

20. Plaintiff reincorporates each and every allegation set forth above as if fully set forth herein.

21. On or about July 19, 2023, while Plaintiff was confined at FCI Milan, correctional personnel used force against him, including, but not limited to, taking him to the ground, placing pressure upon his person in the course of transporting him to a Special Housing Unit.

22. During that occurrence, Plaintiff sustained injuries to his back, spine, hip and lower extremities which resulted in Plaintiff experiencing significant pain and loss of mobility.

23. Subsequently, a medical provider employed with FCI Milan assessed Plaintiff after the July 19, 2023, incident; however, the assessment focused only on a shoulder complaint and failed to adequately investigate, diagnose, or arrange for further medical care for Plaintiff's back, spinal, and hip complaints.

24. While confined in the Special Housing Unit, Plaintiff repeatedly requested medical assistance and reporting continued and worsening back and hip pain along with difficulty performing postural movements such as standing, walking, squatting, and transfers from bed.

25. On or about July 24, 2023, Plaintiff reported hi severe back and/or hip symptoms and functional limitations to SMOCK and requested additional medical

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

treatment.

26. On or around July 24, 2024, Plaintiff again reported his severe back and/or hip pain symptoms and functional limitations to SMOCK and again requested additional medical treatment.

27. On or around July 24, 2023, SMOCK personally observed Plaintiff and/or received sufficient information to know that Plaintiff was experiencing severe pain and material functional limitations following an injury.

28. SMOCK did not arrange for a meaningful assessment, diagnostic testing, closing monitoring, or an emergency evaluation, but rather accused Plaintiff of exaggerating his condition.

29. On or around July 24, 2023, SMOCK informed Plaintiff that she would contact a medical provider or otherwise follow up, but she not return, obtain a sufficient evaluation from another medical provider, arrange for appropriate diagnostic testing, or ensure that Plaintiff received timely emergency medical treatment.

30. On or around August 9, 2023, Plaintiff again reported his severe back and/or hip pain symptoms and functional limitations to SMOCK and again requested additional medical treatment.

31. On or around August 9, 2023, SMOCK again personally observed Plaintiff and/or received sufficient information to know that Plaintiff was experiencing severe pain and material functional limitations following an injury.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

32. At all times relevant hereto, Plaintiff continued to remain without adequate medical treatment or diagnoses while his pain, lack of mobility, and other related symptoms continued or worsened.

33. On or around September 1, 2023, Plaintiff was released from the Special Housing Unit and returned to general population at FCI Milan.

34. On or about September 8, 2023, Plaintiff suffered and reported an additional fall in which he sustained injuries to his hip and exacerbated his back, spinal, and mobility problems, which still remained undiagnosed and inadequately treated.

35. On or about September 9, 2023, Plaintiff was unable to get out of bed, was experiencing extreme back and hp pain, had urinated on his person, requested emergency medical treatment, and transportation to a hospital.

36. FCI Milan correctional officers, and other personnel, were informed that Plaintiff could not leave his bed and needed medical assistance,

37. Subsequently, correctional officers contacted medical personnel and their immediate supervisors.

38. CLOUM responded to Plaintiff's medical emergency and knew or was informed that Plaintiff had fallen, was suffering severe back and hip pain, could not get out of bed or ambulate normally, had urinated on himself, and was requesting hospital treatment.

39. The combination of an injury or fall, severe spinal and hip pain,

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

inability to rise or walk, loss of bladder control or urination, and progressive deterioration presented obvious warning signs of a potentially serious spinal, neurological, orthopedic, or vascular emergency.

40. Despite Plaintiff's complaints, CLOUM ridiculed Plaintiff, accused or treated him as though he were faking, and again failed to arrange immediate emergency transportation or appropriate diagnostic testing.

41. CLOUM administered or caused the administration of an injection described in the available records as Toradol and/or a muscle relaxant; however, that symptomatic measure did not reasonably address or rule out the serious causes suggested by Plaintiff's emergency symptoms.

42. CLOUM contacted a medical provider concerning Plaintiff's condition and a request for hospital transportation.

43. Upon information and belief, CLOUM communicated some or all of Plaintiff's emergency symptoms to JOHN DOE and/or JANE DOE, including his fall or injury, severe back and hip pain, inability to get out of bed or ambulate, urination on himself, and request for hospital care.

44. JOHN DOE and/or JANE DOE declined, refused, or failed to authorize immediate outside-hospital transportation did not personally examine Plaintiff, order appropriate diagnostic testing, or establish adequate monitoring and follow-up precautions.

45. Alternatively, and under Fed. R. Civ. P. 8(d), if CLOUM failed to

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

communicate Plaintiff's material emergency symptoms accurately and completely, CLOUM consciously withheld information necessary for JOHN DOE and/or JANE DOE to make an informed emergency-care decision.

46. Plaintiff continued to suffer without emergency hospital evaluation until approximately September 10, 2023, when correctional officers arranged for an ambulance to transport him for outside medical care.

47. Outside medical evaluation and imaging revealed serious conditions that had not been timely diagnosed at FCI Milan, including vertebral fracture injuries and blood clots and/or deep-vein thromboses.

48. Plaintiff required hospitalization and treatment at Trinity Health and subsequently at Select Specialty Hospital, including evaluation by specialists and treatment for his spinal injuries, impaired mobility, and vascular complications.

49. After outside treatment, Plaintiff returned to federal custody and required medical equipment and continuing care because of the injuries and complications alleged herein.

50. The need for urgent evaluation was objectively apparent before the September 10, 2023 transfer and was repeatedly communicated to medical and correctional personnel.

51. The delay prolonged Plaintiff's extreme pain, humiliation, loss of mobility, and untreated serious medical conditions and increased the risk of further spinal, neurological, and vascular harm.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

52. Each Defendant had a reasonable opportunity to secure or provide appropriate emergency care but personally chose a response that was materially inadequate in light of the symptoms known to that Defendant.

## ADMINISTRATIVE EXHAUSTION AND TIMELINESS

53. Plaintiff reincorporates each and every allegation set forth above as if fully set forth herein.

54. While incarcerated, Plaintiff timely initiated and pursued the BOP administrative-remedy process concerning the denial and delay of medical care alleged herein, including Administrative Remedy No. 1180074-F1.

55. The Warden issued a response dated approximately November 13, 2023. Plaintiff thereafter exercised the available administrative-review process, including the available regional and/or Central Office review procedures.

56. The complete administrative file, including the dates on which Plaintiff submitted each administrative filing, the dates on which the BOP received them, extensions issued by the BOP, and final disposition dates, remains within the BOP's exclusive possession or control and has not yet been produced to Plaintiff.

57. Under 42 U.S.C. § 1997e(a), Plaintiff could not commence this action while he was a prisoner until he exhausted the administrative remedies that were available to him.

58. The applicable limitations period was tolled during the period in which Plaintiff was required to and did pursue the BOP administrative-remedy process.

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

*Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

59. Plaintiff was released from federal custody in approximately June 2025 and was not a "prisoner" within the meaning of 42 U.S.C. § 1997e(h) when this action was commenced.

60. This action is timely because the limitations period was tolled during mandatory administrative exhaustion and Plaintiff will amend these allegations, if necessary, when FCI Milan produces the complete administrative-remedy record.

61. Defendants through direct oral reports, requests to custody staff, sick-call or Health Services contacts, and/or other available prison communication channels.

62. The symptoms were obvious and objectively serious. Plaintiff could not walk, could not tolerate ordinary movement or sitting upright, and remained in severe pain. These facts would alert any reasonable correctional or medical professional to a substantial risk of fracture, spinal injury, nerve involvement, or other condition requiring prompt evaluation and diagnostic testing.

63. Each involved Doe Defendant actually knew of Plaintiff's serious symptoms through personal observation, Plaintiff's reports, written or electronic requests, communications from other staff, medical records, or a combination of these sources.

64. Despite that knowledge, the involved Doe Defendants did not promptly arrange a competent examination, emergency evaluation, diagnostic imaging,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

adequate pain control, mobility assistance, spinal precautions, or transport to a hospital.

65. Instead, one or more Doe Defendants delayed, denied, ignored, minimized, or inadequately responded to Plaintiff's requests and visible inability to ambulate. The delay was not based on an individualized medical judgment after an adequate examination; it reflected a conscious disregard of a known and excessive risk to Plaintiff's health and safety.

66. One or more Doe Defendants also failed to communicate Plaintiff's worsening condition to an appropriate clinician, failed to escalate his request for urgent care, failed to ensure timely follow-up, and/or obstructed or controlled his access to outside medical evaluation despite having authority and opportunity to obtain assistance.

67. Plaintiff remained without timely and adequate treatment until he was transported to Trinity Health Ann Arbor Hospital on September 10, 2023, after approximately two days of severe symptoms following the fall, or for a longer period as FCI Milan's incident and request records may establish.

68. At the hospital, Plaintiff presented with intractable right-hip pain and an inability to ambulate. His right-leg mobility was severely limited by pain, and clinicians evaluated him for possible cauda equina syndrome and acute urinary retention.

69. MRI imaging disclosed acute nondisplaced fractures involving the L5

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

vertebral body and the first sacral segment, together with lumbar spondylosis, spinal-canal narrowing at L3–L4, and moderate stenosis at L4–L5. Imaging did not disclose a proximal femur fracture.

70. The hospital imposed spinal precautions prohibiting bending, lifting more than five pounds, and twisting; arranged a lumbar-sacral orthosis; consulted neurosurgery and physical medicine and rehabilitation; and treated Plaintiff with scheduled acetaminophen, anti-inflammatory medications, gabapentin, oxycodone, intravenous hydromorphone for severe breakthrough pain, lidocaine patches, and prednisone.

71. Plaintiff could not safely return immediately to ordinary prison housing. He remained hospitalized from September 10 through September 15, 2023, and was then transferred to Select Specialty Hospital in Ann Arbor for long-term acute care through October 2, 2023 because of continuing pain and impaired mobility.

72. During the extended treatment period Plaintiff continued to report right-hip, low-back, right-calf, right-foot, and radicular-type pain. He required physical and occupational therapy and substantial medication to participate in movement and therapy.

73. On September 22, 2023, Doppler testing disclosed an age-indeterminate thrombus in the right posterior tibial vein and an acute thrombus in the right soleal vein. Clinicians treated the symptomatic and provoked deep-vein

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

thromboses with therapeutic Lovenox and then Eliquis.

74. Plaintiff alleges on information and belief that the prolonged immobility and delayed effective treatment materially contributed to this complication.

75. The delay caused Plaintiff avoidable severe pain, prolonged immobility, emotional distress, loss of normal function, increased medical risk, extended treatment, and other physical and economic injuries. The full nature and extent of his damages remain under investigation.

76. The involved Defendants had feasible alternatives: promptly examine Plaintiff; summon qualified medical personnel; provide a wheelchair, stretcher, or other safe transport; impose precautions; authorize diagnostic imaging; provide adequate interim medication; arrange emergency transport; and ensure follow-up. They consciously failed to take reasonable available measures.

77. The conduct alleged exceeds negligence, disagreement over treatment, or an inadvertent failure to provide care.

78. Defendants knew of and deliberately disregarded a substantial risk of serious harm.

**COUNT I**
**DELIBERATE INDIFFERENCE**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983**
**(ALL DEFENDANTS)**

79. Plaintiffs reincorporate each and every allegation set forth above as if

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

fully set forth herein.

80. That at all times relevant hereto, the acts or omissions by all Defendants were unreasonable and performed knowingly, deliberately, indifferently, intentionally, maliciously, and with gross negligence, callousness, and deliberate indifference to Plaintiff's well-being and objectively serious medical needs.

81. That at all times relevant hereto, all Defendants individually acted and/or failed to act intentionally and either ignored the serious medical needs or recklessly failed to act reasonably to mitigate the risk and the serious medical needs of Plaintiff.

82. That Plaintiff's serious medical condition was one that was so obvious that even a lay person would have easily recognized the necessity for immediate medical attention.

83. That at all times relevant hereto, the law was clearly established at the time of this incident and all Defendants acted objectively, unreasonably, and are not entitled to qualified immunity.

84. That at all times relevant hereto, all Defendants adopted, promulgated, encourage, condoned, and/or tolerated official customs, policies, practices, and/or procedures, including failing to train, discipline and/or supervise its employees/agents, which ere the motivating force for the individual Defendants' conduct as described herein, such that the same also amounted to a delivered indifference to Plaintiff's well-being and serious medical needs.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

85. That at all times relevant hereto, the conduct of all Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly established rights, privileges, and immunities guaranteed to him under the Untied States Constitution, as evidenced by the following particulars:

a. Ignored or dismissed Plaintiff's complaints of severe pain and impaired mobility;

b. Refused or failed to contact Health Services or other appropriate medical personnel;

c. Refused or failed to notify a lieutenant or other supervisory official of Plaintiff's deteriorating condition;

d. Refused or failed to initiate an emergency medical response;

e. Failed to document or communicate Plaintiff's repeated requests for treatment;

f. Failed to ensure that Plaintiff was timely presented to qualified medical personnel for examination;

g. Delayed or obstructed Plaintiff's access to medical evaluation, diagnostic testing, pain management, mobility assistance, or outside hospitalization;

h. Required Plaintiff to remain in his housing area despite knowing that he could not safely walk, stand, or bear weight;

i. Disregarded visible symptoms demonstrating that Plaintiff's condition was worsening;

j. Failed to take reasonable measures to obtain or facilitate necessary medical care

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

k. Failing to observe and check on Decedent as Decedent exhibited a serious medical need and was in distress;

l. Consciously exposing Decedent to an excessive risk of serious harm;

m. Failing to arrange for the jail physician and/or nurse to see and evaluate Plaintiff's Decedent and/or delaying the same when it was known that Plaintiff was experiencing a serious medical condition;

n. Failing to transfer the Plaintiff to the hospital for treatment, monitoring, observation, and supportive measures;

o. Delaying necessary medical treatment to the Plaintiff resulting in horrific pain, suffering and death;

p. Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or care giving responsibilities over Plaintiff, to ensure Plaintiff's serious medical needs were timely and properly tended to, and to ensure the above breaches/deviations were not committed; and

q. Any and all other breaches as they become known throughout the course of litigation.

86. That the above-described conduct of the Defendants, as specifically set forth above, was the proximate cause of Plaintiff's D injuries and damages to him, including but not limited to the following:

a. Physical and emotional;

b. Humiliation and/or mortification;

c. Mental anguish;

d. Economic damages;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

e. Exemplary, compensatory, and punitive damages allowed under Michigan and federal law;

f. Attorney fees and costs pursuant to 42 USC § 1988; and

g. Any and all other damages otherwise recoverable under federal law.

46. That at all times relevant hereto, all of the Defendants' conduct was more than negligence, inadvertence, or a disagreement concerning the appropriate course of treatment.

47. At all times relevant hereto, all Defendants subjectively recognized facts demonstrating that Plaintiff faced a substantial risk of serious harm and consciously disregarded that risk by failing or refusing to take reasonable measures within that all Defendants' authority.

48. That at all times relevant hereto, all Defendants' acts and omissions unnecessarily prolonged Plaintiff's pain, delayed diagnosis of his fractures and associated conditions, delayed appropriate hospitalization and treatment, increased the risk of medical complications, and caused additional physical and emotional injuries.

49. At all times relevant hereto, all conduct of the Defendants constituted deliberate indifference to Plaintiff's serious medical needs and cruel and unusual punishment in violation of the Eighth Amendment.

50. That at all times relevant hereto, all Defendants acted willfully, wantonly, recklessly, maliciously, or with conscious disregard for Plaintiff's

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

federally protected rights, thereby supporting an award of punitive damages against the responsible individual Defendants.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, jointly and severally, and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest, attorney fees, as well as punitive and exemplary damages.

Respectfully submitted,

*/s/ Peter R. O'Toole*

JAMES J. HARRINGTON (P65351)
PETER R. O'TOOLE (P74657)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/F: (248) 355-5148
p.otoole@fiegerlaw.com
t.lewinski@fiegerlaw.com

Date: September 4, 2026

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO SMITH,

Plaintiff(,

v.

SAMANTHA SMOCK, RN, NICOLE LYNN CLOUM, RN, JOHN DOE, and JANE DOE, in their Individually Capacities, Jointly and Severally,

Defendants.

Case No. ___________________
Hon. ___________________________
Mag. Judge. _________________

**JURY DEMAND**

JAMES J. HARRINGTON (P65351)
PETER R. O'TOOLE (P74657)
Fieger, Fieger, Kenney &
Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/F: (248) 355-5148
p.otoole@fiegerlaw.com
t.lewsinski@fiegerlaw.com

**JURY DEMAND**

NOW COMES, Plaintiff, ANGELO SMITH, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demand a trial by jury in the above-referenced cause of action.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Respectfully submitted,

*<u>/s/ Peter R. O'Toole</u>*

JAMES J. HARRINGTON (P65351)
PETER R. O'TOOLE (P74657)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/F: (248) 355-5148
p.otoole@fiegerlaw.com
t.lewinski@fiegerlaw.com

Date: September 4, 2026